Loren Hitchcock, Interim Director Arkansas Game and Fish Commission
2 Natural Resources Drive Little Rock, Arkansas 72205
Dear Mr. Hitchcock:
You have requested my opinion regarding the Arkansas Freedom of Information Act ("FOIA"). The basis for your request is A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2009), which authorizes the custodian, requester, or the subject of employee-evaluation records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter states that the Arkansas Democrat-Gazette has requested "access to travel and expense reports and any reimbursement records for commissioners and [the Commission's] staff for the past five years." You report that the custodian has (1) collected the requested documents, (2) decided that "generally the records must be disclosed," but (3) the custodian only plans to release them "after redaction of personal information such as home addresses, personal phone numbers, personal e-mail addresses, dates of birth, marital status, driver's license numbers, social security numbers" and various bank-account numbers.
With all this in mind, you ask three questions:
 1. Is the Commission's determination to disclose the travel, expense, and reimbursement records of its commissioners and employees, but only after redaction of personal information as indicated above and in the samples provided consistent with the provisions of the FOIA and any other laws you deem applicable? [Emphasis added.] *Page 2 
 2. Due to the large volume of the records and the time and expense involved in the redaction process, may the Commission allow the requestor to inspect all of the unredacted records upon express condition that the requestor will not be permitted to make copies, notes, or photographs of the unredacted records? [Emphasis in original.]
 3. If you agree with the Commission's determination that the requested records must be redacted prior to permitting the requestor to inspect them, may the Commission require the requestor to pay the "actual costs" of reproduction of one or both sets of copies that the Commission must make to complete the redaction process?
RESPONSE
My statutory duty is to state whether the decision of the custodian of records is consistent with the FOIA. I am not authorized to address specific questions posed by the custodian, subject, or requester.[1] Accordingly, I can only answer your first question, which contains the custodian's decision. In my opinion, that decision is consistent with the FOIA. Regarding your remaining questions, I will simply note that the size of the records that are responsive to the request is not relevant to whether redactions must be made. Most of the trouble you seem to be having in responding to this voluminous FOIA request stems from the way in which the Commission maintains its records. As explained below, the Commission seems to be comingling unnecessary, exempt information in public records. The FOIA is clear regarding your questions: the Commission is required to disclose the records after making (and paying for) the redactions. It is largely the Commission's record-keeping system that has led to the Commission's difficulty in responding. That difficulty raises practical problems that I cannot address in an opinion.
DISCUSSION
 Question 1: Is the Commission's determination to disclose thetravel, expense, and reimbursement records of its commissioners andemployees, but only after redaction of personal informationas indicated above and in the samples *Page 3 provided[2] consistent with the provisions of the FOIAand any other laws you deem applicable? [Emphasis in original.]
Exemptions under the FOIA are mandatory:
 (f)(1) No request to inspect . . . records shall be denied on the ground that information exempt from disclosure is commingled with nonexempt information.
 (2) Any reasonably segregable portion of a record shall be provided after deletion of the exempt information.[3]
In my opinion, therefore, the custodian has correctly decided that the necessary redactions must be made.
I will also note that most of the redactions you intend to make are, as a legal matter, generally consistent with the FOIA. This office has opined that some items that must be redacted include the following: dates of birth of public employees (Op. 2007-064); social security numbers (Ops. 2006-035, 2003-153); medical information (Op. 2003-153); driver's license numbers (Op. 2007-025); insurance coverage (Op. 2004-167); tax information or withholding (Ops. 2005-194, 2003-385); payroll deductions (Op. 98-126); banking information (Op. 2005-195); unlisted telephone numbers (Op. 2005-114); home addresses of most public employees (A.C.A. § 25-19-105(b)(13)); personal e-mail addresses (Op. 2004-225); and marital status of employees and information about dependents (Op. 2001-080).
In contrast, your attempt to redact certain other pieces of information is probably not consistent with the FOIA, in my opinion. In the sample you provided, you attached several receipts that reflect, among other things, the last four digits of the credit or debit card used for the transaction. The custodian believes that those digits must be redacted for privacy reasons. In my opinion, this is inconsistent *Page 4 
with the FOIA. The last four digits of credit or debit cards are found on virtually every receipt one receives when using such cards. The release of those four digits, in my opinion, does not rise to the level of a clearly unwarranted invasion of personal privacy.
Similarly, I question whether a sufficient privacy interest exists in several pieces of information reflected on some of the sample receipts. For example, you have redacted the serial number for a cell phone that was purchased with public funds. You have redacted several other fields without indicating grounds for those redactions. For example, you have redacted information in fields of "Authorization No.", "Trace No.", and "Approval No." The custodian must determine that the release of each of these pieces of information would constitute a clearly unwarranted invasion of personal privacy. On the face of the receipts, it seems that any privacy interest in those fields is merely de minimus. Consequently, after applying the balancing test elucidated in Opinion No. 2010-109, it seems that there probably is no basis for redacting those fields.
Question 2: Due to the large volume of the records and thetime and expense involved in the redaction process, may theCommission allow the requestor to inspect all of the unredactedrecords upon express condition that the requestor will not bepermitted to make copies, notes, or photographs of the unredactedrecords? [Emphasis in original.]
This question is outside the scope of my authority under subsection 25-19-105(c)(3)(B)(i) because it is a general question regarding the practical considerations that accompany the custodian's disclosure decision.
I will note, generally, that the size of the request is not a factor when determining whether redactions must be made. The custodian cannot deny the requestor access to the records simply because the Commission maintains its travel and reimbursement records in such a way that exempt information is comingled with non-exempt information. Likewise, the Commission cannot violate the FOIA rights of its employees by allowing the public to view the employees' exempt information. The custodian must redact the exempt information and bear the costs of those redactions.[4] *Page 5 
You seem to be indicating that the Commission is finding it hard to comply with the request within the three-day statutory deadline because of the required redactions. For example, it seems like every reimbursement form unnecessarily comingles the home address of the employee seeking reimbursement. The difficulty the Commission is having is a practical problem requiring practical advice about how to respond to a voluminous FOIA request. I cannot offer such advice when issuing opinions under subsection 25-19-105(c)(3)(B)(i). Suffice it to say that, in the future, the Commission should keep the FOIA's transparency requirements in mind when it chooses a record-keeping system. By doing so, the Commission can save itself some of the time and effort required to redact information that is not necessary for the record in the first place. And the Commission will not keep FOIA requestors waiting while it makes the redactions.
Question 3: If you agree with the Commission's determinationthat the requested records must be redacted prior topermitting the requestor to inspect them, may the Commission requirethe requestor to pay the "actual costs" of reproduction of one orboth sets of copies that the Commission must make to complete theredaction process. [Emphasis in original.]
Again, strictly speaking, this question is outside the scope of my authority under subsection 25-19-105(c)(3)(B)(i). I will simply note that the FOIA clearly requires custodians to bear the cost of redactions:
 (f)(1) No request to inspect, copy, or obtain copies of public records shall be denied on the ground that information exempt from disclosure is commingled with nonexempt information.
 (2) Any reasonably segregable portion of a record shall be provided after deletion of the exempt information.
 (3) The amount of information deleted shall be indicated on the released portion of the record and, if technically feasible, at the place in the record where the deletion was made. *Page 6 
 (4) If it is necessary to separate exempt from nonexempt information in order to permit a citizen to inspect, copy, or obtain copies of public records, the custodian shall bear the cost of the separation.[5]
Sincerely,
DUSTIN MCDANIEL Attorney General
[1] See, e.g., Op. Att'y Gen. No. 2006-071; see also
Op. Att'y Gen. Nos. 2009-161, 1996-386.
[2] I have viewed these samples, but I take them to be merely representative and can, in no way, opine about whether all the redactions in all the files will be properly made. In the abstract, however, please see the text of my response to your first question for a list of the common redactions that must be made to personnel records.
[3] A.C.A. § 25-19-105(f)(1)-(2) (emphasis added); see also
Op. Att'y Gen. Nos. 2009-161, 96-386, 91-323 (all regarding the mandatory nature of FOIA exemptions).
[4] A.C.A. § 25-19-105(f).
[5] A.C.A. § 25-19-105(f); see also John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 110-111 (m m Press, 5th ed., 2009).